23-65-52 Gudanowski v. Burrell, N.Y. State Troope Thank you, Your Honor. Good morning and may it please the Court. I believe that this case turns on the Supreme Court's decision in Krupski. In both Krupski and Costa Sierra, the plaintiff had the real names of the defendants or the real name in Costa Sierra and the same was true in Gudanowski. In Krupski, the plaintiff named the wrong party and so did the plaintiff and so did Mr. Gudanowski. In both Krupski and Gudanowski, the intervening time before Well, he didn't name the wrong party, right? He put in John Doe, indicating that he didn't know who the party was. Well, Your Honor, I... But John Doe's not a person. He didn't put the wrong party. He just indicated that he had no knowledge of the party. And haven't we said that that's different? We've said that when you file a John Doe complaint and then correct it, the correction is not to correct a mistake of identity. It's to correct a lack of knowledge. Well, it corrected whatever knowledge Mr. Gudanowski had at the time. The issue here, the mistake was born out of the fact that as he was drafting his complaint, while he was incarcerated, he received mistaken advice from the law librarian. Right, so he made a mistake of law, but not a mistake of the identity of the defendants, right? Well, he made a mistake... Well, it's both. He made a mistake of law as to the permissibility of naming individuals he didn't know for a fact had caused his damages. And the Supreme Court said in Closier that a mistake of law is the same as a mistake of fact for purposes of Rule 15. There is no distinguishing between the two within the confines of the rule. And so... We're talking about 15C1C? Yes. And so what the Supreme Court also said is that when a party has the true names and nonetheless makes a mistake for whatever reason and does not name them, the plaintiff can take advantage of the relation back... It doesn't really say for whatever reason. I mean... Right. Well, it limits it to mistake. It doesn't go into types of mistakes. It just says mistake. And the court said in Krupski that a mistake of fact is the same as a mistake of law. It does go into the types. It says a mistake concerning the proper party's identity. Correct. So if the mistake he made was, it's not procedurally proper for me to name the parties at this time even though I know who they are, has he made a mistake concerning their identity? In the case where he truly does not know? I understand. You're saying that here actually maybe he doesn't know. But in my hypothetical, let's say he does know it was them, but he believes the law says that he shouldn't name them at this time. He should wait to do it later. And so he has a mistaken understanding of the law or the procedure. Has he made a mistake concerning the identity? He doesn't seem to have. He's made a mistake about something else. Well, he's made a mistake concerning the identity of the individuals that he has to name. So he has named... So any kind of mistake that involves him writing down the wrong defendants is a mistake concerning their identity. Correct. So the rule could just say, knew or should have known that the action would have been brought against it, but for a mistake. Right. Concerning the private party's identity doesn't really do any work in the rule. Well, it has to because the initial prong of Rule 15 requires that the amendment correct the name of the individual defendant. Yeah, the individual defendant. So there has to be a mistake concerning the identity of the person. So in that fashion, I would say maybe... So what do we do with those cases where we've said an amendment to replace a John Doe defendant is made not to correct a mistake, but to correct a lack of knowledge and is therefore not a mistake under Rule 15C1C? So have we said in prior cases that a mistake is different from a simple lack of knowledge? It is, Your Honor. Absolutely is. But in this case, what the summary judgment evidence showed is that Mr. Grudnowski did have the defendant's names. So this isn't a true... Actually, you're saying it helps you that he knew but didn't put them down because that shows it was a mistake as opposed to a lack of knowledge. Correct. So in future cases, if we adopt your view, when there's a correction of a John Doe complaint, the court would have to inquire as to whether the reason the John Doe complaint was corrected to put the names in is either because the complainant didn't really know the parties, in which case it would not be a mistake or misapprehended the rules or something, and that's why they put down John Doe. That's what you're saying? Exactly, Your Honor. And that's what the court has prescribed in the existing cases, that there has to be an explanation for why somebody didn't put down the true names. So I believe in the case of Hogan v. Fisher, the plaintiff really just did not know the names of the officers who he claimed assailed him. In this case, the plaintiff did know the true names of the individuals, but he didn't know or he didn't name them based on a mistaken understanding that he received from the law librarian. All of this is uncontradicted in the motion record. And just to be clear, the mistake you're saying he made was following the advice of the law librarian that he should be careful about accusing a defendant of misconduct until he knows for sure that he's right. Is that the mistake? I would characterize the mistake as believing the law librarian's admonition that you better be careful when going to federal court and naming individuals who don't have evidence of having committed the... Is that the mistake? I mean, you should be careful. You don't accuse people in court if you don't have evidence. Well, the evidence is his own experience. So in other words, at the time, he did not have the video of the incident. He did not have eyewitness statements. So the mistake is he didn't appreciate that his own testimony might be evidence as opposed to a video or something. Well, that and also the fact that he could have named the defendants here in good faith. As long as he had a good faith basis for naming them, he could have proceeded. He did not know that, and he stated so in his declaration. That is completely uncontradicted in the motion record. So my time has run out, so unless the panel has... I just wanted to... It just seems like a lot of cases... I think that would be a principle that would lead to naming of those in a lot of cases, and it's hard to distinguish, where you have a plaintiff who's alleging by some set of arresting officers that there was abuse of some kind, and then is given the name of the arresting officers. Under that theory, he wouldn't need to name them at that point. Well, in this case, he was given the names of the officers who filed police reports, and he wasn't even sure that those were the ones who actually were involved in the... But their statements articulate their role in his arrest, don't they? They do, but they... They don't say, and I used excessive force, but they talk about their role in his arrest, and he's alleging that the officers involved in his arrest engaged in excessive force. But... So it seems like it just comes back to he followed the advice of the law librarian not to name them, and then back to Judge Monash's original question, why is mistake of law under 15C1C the same as a mistake about the identity of a party? Well, he... The police officers that submitted the statements described their efforts to arrest him, but as Your Honor pointed out, there were other officers at the scene. So they may have said, I took Mr. Gudanowski out of the truck, I placed him on the ground, I put handcuffs on him, and that, as far as Mr. Gudanowski knew, that's all that that officer did. Yeah, but which way does that cut? So Rule 15C1C is about defendants who knew or should have known that they would have been the ones named as the defendants, but for a mistake. If, in fact, these officers know that Mr. Gudanowski got this information, that they are the ones who pulled him out the window, when they see the complaint and it doesn't name anybody, wouldn't they say, well, he knows who we are and what we did, and he decided not to name us, he must be talking about... officers who are at the scene that he alleges used excessive force, right? So 15C1C is about whether the defendants knew or should have known that they were the ones intended to be named. This circumstance where they know he has their names, and they know he knows what they did during the incident, why should they have known that they were the ones who were intended to be named? Because the complaint sets out the date and time and the location of the arrest, and this court's jurisprudence has said that... But you just said a moment ago there were other officers on the scene who also participated in the arrest. Correct, he... And they didn't believe they used excessive force, right? I mean, the complaint just... Well, we don't know about... ...says he was subjected to excessive force, right? Well, we didn't... It says approximately 6 to 8 John Doe's used excessive force, but approximately 20 to 40 were present. Right. So if these officers said, well, he knows that we were on the scene and that we did particular conduct, and so he could name us because he has our names, but he has filed a complaint that doesn't name us, alleging excessive force against John Doe defendants, wouldn't the normal conclusion for them be, well, he must not have meant to sue us, he must be talking about other officers? Well, that goes to the other prong of Rule 15, where there has to be an acknowledgment by the defendants that they were prejudiced as a result of not being named earlier. And in this case, on summary judgment, the defendants did not submit any affidavits, did not contest the fact that they knew exactly who they were, or they would have known exactly who they were if they had reviewed the complaint. So that's not contradicted in the motion record. So you're saying in this case that officers did receive such notice of the action that they would not be prejudiced in defending on the merits? I think if they were to look back in a logbook or whatever sort of system that the police use to determine where they were at a particular date, time, and location, I think they would know that it was Mr. Gudanowski. But again, on summary judgment, they did not submit any opposition on that point. They did not say, we thought that when the statute of limitations ran out, that was the end for us, and when we received the complaint, we thought he was speaking for somebody else. But if they had said that, do you think maybe the rule wouldn't apply? If they had said that, I think that overall, the statute of limitations is an affirmative defense, and affirmative defenses have to be proven by a jury, or have to be proven in front of a jury, if the parties are contesting facts that make up that issue. Okay. All right. Thank you. Mr. Ginsburg, we'll hear from you again on rebuttal, but let's turn to the appellee, Mr. Lawrence. Good morning. I'm David Lawrence III. I'm an assistant solicitor general appearing on behalf of the appellees. This court should affirm the judgment of dismissing the Second Amendment complaint because it was filed beyond the statute of limitations, and plaintiff fails to establish that he qualifies for relation back under either state or federal law. He does not qualify for relation back under state law, namely CPLR 1024, because it permits relation back only where, unlike here, the plaintiff was ignorant of the name or identity of the defendant at the time they filed their John Doe complaint. Here, the plaintiff knew the defendant's names and their roles in the underlying arrest incident from their written statements, which he obtained in the state court litigation. It's found at pages 79 to 86 of the joint appendix, where various troopers discuss how they either pulled the plaintiff out of the stolen tow truck when he would not voluntarily leave, or they held him to the ground, or they handcuffed him. These are the events that led to the claims in this case. It was not necessary that the defendants in their written statements admit that they used excessive force. That's not realistic, and that's not what relation back is about. And in fact, when plaintiff ultimately obtained counsel in this lawsuit... Right, so he says, you know, they say that they didn't use excessive force, but he believes that pulling him out of the truck window was excessive force, right? Correct, Your Honor. So... Well, I don't know. I mean, I guess he could say, is this plausible, that because they say they didn't use excessive force, maybe they weren't really the ones who pulled me out of the truck window? Well, he had information with them expressly stating that they were the ones, and to the extent that he thought that there might have been other officers also involved in the incident, or alternatively involved in the incident, that raises a lack of knowledge, and this Court has repeatedly held that an amendment to cure a lack of knowledge does not qualify for relation back. For instance, in Sierra v. Deacon... That's a mistake. An amendment to cure a lack of knowledge. Correct, it's not a mistake under Rule 15c, yes, Your Honor. Yeah, but, I mean, you just said a moment ago that he did know the names, right? Yes, Your Honor. So it's not that the amendment is curing a lack of knowledge, right? Isn't the fact that he did the John Doe complaint, wasn't that a mistake? Because he, you know, followed this advice that he shouldn't have, wasn't supposed to name them at this stage. Well, the key word is not mistake. The key word is identity. It's not a mistake about identity because he knew their identities at the time that he filed his initial complaint. So, under 15c1c, I think the closest I get to seeing the argument from your adversary is, assume there's ten officers, and five of them, and he knows some set of officers, he alleges some set of officers used excessive force, and he gets the statements from five of the officers, and he thinks, oh, those weren't, based on what they've said, those weren't the officers, so he names the Doe's, thinking he's naming the other five officers. And then he realizes I was mistaken. Those were the five officers who I think used excessive force, so I'm substituting them in because I mistook their identity for the identity of the other five. To the extent that he thought that other officers might have been the perpetrators, then that is a lack of knowledge. To the extent that he thought that he'd followed the prison law librarian's advice and thought that he did not have enough evidence to sue the defendants here based on their written statements, because he said he did not, thought he did not have enough evidence, that is not a mistake about identity, either that is a mistake about the amount of proof that one needs in order to sign a federal complaint in good faith. Well, if it is a lack of knowledge, and you said one interpretation of that is it's a lack of knowledge, then wouldn't he qualify under the CPLR? No, it does not, Your Honor, because the CPLR provision talks about someone being ignorant of the identity. There's no way to stretch the plain language of that provision to say that somebody who has written statements detailing their involvement in the incident, that the plaintiff is ignorant of their identity at the time they file their initial complaint. But what about the officers themselves? I mean, the officers also know what they did during the incident, and so if there's a complaint that's filed alleging excessive force in that incident, shouldn't the officers have known that he was intending to sue them? Didn't they have effective notice of the action? Well, first, the defendant may well have thought that the plaintiff decided not to sue them because he had information that they were involved in this incident. He chose not to sue them. He chose to sue John Jones instead. And furthermore, this court, even before the Krupsky case, stated in Cornwell v. Robinson, the effect of, I can't get the exact language, actually, is 23F3-694-705. The requirement that a new defendant knew that he was not named due to a mistake concerning an identity presupposes that, in fact, the reason for his not being named was a mistaken identity. So while you look at what the defendants knew, you also have to, a requirement for this rule to apply is that there was, in fact, a mistaken identity and not some other kind of mistake. So they would have to understand it's a mistaken identity. So when it's a John Doe complaint, is that always not a case of mistaken identity because John Doe complaints are about a lack of knowledge? So a mistaken identity is only when you put the wrong name down? Right. From the perspective of the defendant. Right. They should know that they were not named but for a mistake of identity. Right. They can never know that when it's a John Doe complaint because that's not a mistake of the identity. That's just a lack of knowledge of the identity, as we've said. Right. So you're saying the defendants here just, it's not even, there's no facts under which we could conclude that they knew they should have been named but for a mistake of identity because if they're looking at a John Doe complaint, a John Doe complaint does not reflect a mistake of identity, it reflects a lack of knowledge. Is that right? That seems to be what this court has held repeatedly in cases including Stenskrupski. Examples of cases where you might have a mistaken identity or Krupski was, you name one person instead of another or one corporation instead of another because you misunderstand their status or role, that's what the Supreme Court in Krupski said was, that's what a mistake was. You have, or you name Officer Smith instead of Officer Jones or the Soto case, the plaintiff relied upon, you sue the jail instead of the correctional officer Those are situations where you're naming one party in your initial complaint and you amend to name another. There are at least two cases where this court has held in analogous circumstances that there is no relation back, namely Palmer v. Estate of Stewart and Cornwell v. Robinson. Palmer v. Estate of Stewart involves a very similar situation where the plaintiff was aware from a written document there, an invoice, that the police officer was involved in his allegedly unlawful arrest and failed to name him in his initial complaint and this court held that relation back does not apply. Cornwell v. Robinson involved a plaintiff who allegedly was discriminated against and subjected to a hostile work environment and the plaintiff there again knew the names and the roles of the prospective defendants at the time that she filed her initial complaint failed to name them at that time and this court held that relation back does not apply. Can I ask just a sort of broader question? So it's possible to read what the district court said here as saying that Gudanowski can't use 15C1A because he knew the identities of the defendants and so he didn't have a lack of knowledge and he can't use 15C1C because he's not alleging a mistaken identity but is alleging a lack he does have a lack of knowledge because it's a genuine John Doe complaint. Is that, could you maybe explain why that's not a contradiction? Well I don't know that our reasoning is exactly that our reasoning is that plaintiff does not establish an ignorance of the identities of the defendants under C1A which leads us to state law and does not establish a mistake as to identity under C1C the federal law provision. Plaintiff also argues that and knows that we're not claiming prejudice here 15C has conjunctive requirements one is that the defendant will not be prejudiced that's C1 and then C2 the problem's really key here is about the mistaken identity which is not met here So you're saying maybe you weren't prejudiced but there's no reason to think that your clients knew or should have known that the action would have been brought against them but for a mistake of identity? Yes Your Honor. So what would the officers have thought then when they see this complaint and they know that they are the officers who pulled him out of the truck? They would have thought that the plaintiff decided to sue somebody else, not them. Okay. Thank you Mr. Lawrence. We'll turn it back to Mr. Ginsburg on rebuttal. Thank you Your Honor. Briefly, I think this kind of reminds me of an inflated balloon so when you push on one end the other end rises and when you push on the end that's risen the other end rises because either Mr. Gudanowski knew the defendant's names and therefore can't satisfy Rule 15 or he didn't know their names and therefore satisfies CPLR 1024. Well I just put that question to Mr. Lawrence and so what he said is that that's not right, it's not heads I win, tails you lose, it's that as you say, he made a mistake of law so he can't show ignorance that would qualify him under 15C1A and he can't show a mistake of identity which would qualify him under 15C1C because he made a different kind of mistake I mean that's not a contradiction, is it? Correct, that wouldn't be a contradiction but then if he had the defendant's names I just want to correct something that came up I get the intuition that it seems maybe he's misled by the law librarian or something and that seems sort of unfair but if he just missed the deadline through some innocent reason he also would have not been able to pursue the claim and we wouldn't make an exception there either Sure, and if the law librarian said the statute of limitations is 5 years and it turned out to be 2 years then that's not a mistake about mistake identity It's not like we should expect the federal rules necessarily to account for relying on erroneous legal advice No, but in this case There's no provision of Rule 15 that says you get relation back if you relied on erroneous legal advice from a law librarian No, of course not, but that is a type of mistake about the identity of the officers In fact, even when I made my appearance into the case and I named the officers Mr. Grunowski and I did not know that those were the officers who assailed him Those were the only officers whose names we had I guess I have that question, so you say that he wasn't sure and then you conducted an investigation, what else did you learn about the circumstances that would lead you to conclude that they were the officers that you wouldn't have known and you wouldn't have known that before the investigation Well, the investigation caused me to learn the names of the officers, not necessarily that they were involved in the... But you had the names of the officers from the depositions, right? Correct, we had the names of the officers and as a result of that So you can't say the investigation led you to learn the names of the officers but you're saying the investigation somehow led you to learn that they were the appropriate defendants, but what did you learn about them that led to that conclusion? Well, at the time I actually did not have the names of the officers I only learned them once Mr. Grunowski was released from prison and I had an opportunity to review his records So you got them from the statements? Got them from the statements, but the difference is... So you learned the names of the officers from the same document that Grunowski had when he filed the first two claims? Correct So that's not a new investigation? I understand you now have access to the documents but Grunowski had access to it all along Well, again, he had names of officers he did not have necessarily the names of all the officers and the point I think I was trying to make is that Mr. Grunowski... You don't now have the names of all the officers either you have the same information he had Right now, Your Honor? Or at the time of the amendment? At the time of the amendment At the time of the amendment, correct I only had the names of the individuals and the knowledge, my legal training, that naming somebody in good faith is permissible Right, so the reason why Grunowski didn't use the statements to name them at that time was a lack of legal knowledge It wasn't like you turned up some new facts about it It was a mistake as to the identity based on the erroneous advice I'm sorry, Your Honor? It was a mistake about the legal rules telling you when you should name somebody as a defendant and on what basis you should. Grunowski seems to have thought that those statements were not sufficient to name them as defendants, but then you looked at the same document and concluded that that document was sufficient to name them as defendants. Correct, that's essentially correct Thank you very much Mr. Ginsberg, the case is submitted